It does not yet appear that this instrument had a seal. The witness does not perfectly recollect on this ground, and if he did, it seems to me that resort must be had to a court of equity to supply such a material defect. If the law had authorized the registration it might perhaps be sufficient, though this is doubtful. In this case no validity is derived from the circumstance of putting it on the record, and it seems to me that its loss can no more be supplied in a court of law, in the trial of an ejectment, than if a recent deed had been lost.
The defendant's grant being the oldest, the plaintiff read his entry to overreach it. It was dated December the 20th, 1783; number of location 160, in these words: "Captain Jesse Reid, transferred to Guilford Dudley Reid, enters 3840 acres of land, lying on Little Harpeth, beginning above Absalom Tatum's line, and up said river on both sides."
Upon examination, it appeared, that Absalom Tatum's entry was made February the 6th, 1784, for 5000 acres, "on the south side of Big Harpeth, on a fork called Daniel's Fork." From the Act of 1782, c. 3, § 8, it appeared that commissioners were appointed, of whom Tatum was one. In 1783, c. 3, § 9, entries of the commissioners' pre-emptions and guards were directed to be made in Davidson County. Isaac Shelby's and other depositions were offered to prove that the place where Absalom Tatum, one of the commissioners, had elected to lay his claim, was a place of notoriety, previous to Reid's making his entry.